UNITED STATES DISTRICT JUDGE
WESTERN DISTRICT OF NEW YORK

_____

BRIAN REED,

          Plaintiff,

Vs.

UNITED STATES POSTAL SERVICE LOGISTICS
AND DISTRIBUTION CENTER,

          Defendant.

_____

DECISION AND ORDER
13-CV-6025

**Siragusa, J.** This case is before the Court on Defendant's motion, filed on January 17, 2013, ECF No. 2, seeking dismissal of the complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The Court issued a motion scheduling order directing that any response to the motion be filed by March 1, 2013. To date, Plaintiff, who is proceeding *pro se*, has not responded Defendant's application or the Court's Order.

Defendant describes Plaintiff's complaint as follows:

> In his complaint, plaintiff alleges that on or about December 7, 2011, plaintiff sustained an injury while acting within the scope of his employment as a Casual Mail Handler for the United States Postal Service at the Logistics and Distribution Center on Lyell Avenue in Rochester, New York. Plaintiff seeks monetary damages based on lost wages for scheduled work days between December 7, 2011 and December 28, 2011.

Def.'s Mem. of Law at 1, ECF No. 2-1. Defendant maintains that the sole source for compensation in a case such as this involving a federal employee is through the

Federal Employees' Compensation Act ("FECA"), 5 U.S.C.S. § 8101 *et seq*. The Court agrees. As the Second Circuit wrote in *Mathirampuzha v. Potter*, 548 F.3d 70 (2d Cir. 2008):

> When the tort victim is also a federal employee, however, work-related injuries are compensable only under the FECA. n9 *See* 5 U.S.C. § 8116(c); n10 *Votteler v. United States*, 904 F.2d 128, 130 (2d Cir.) ("FECA is the exclusive remedy for work-related injuries sustained by federal employees." (citation omitted)), *cert. denied*, 498 U.S. 1000, 111 S. Ct. 560, 112 L. Ed. 2d 567 (1990). As the Supreme Court has explained:
>
>> FECA's exclusive liability provision . . . was designed to protect the Government from suits under statutes, such as the Federal Tort Claims Act, that had been enacted to waive the Government's sovereign immunity. In enacting this provision, Congress adopted the principal compromise—the "quid pro quo"—commonly found in workers' compensation legislation: employees are guaranteed the right to receive immediate, fixed benefits, regardless of fault and without need for litigation, but in return they lose the right to sue the Government.
>
> *Lockheed Aircraft Corp. v. United States*, 460 U.S. 190, 193-94, 103 S. Ct. 1033, 74 L. Ed. 2d 911 (1983).
>
> FOOTNOTES
>
> n9 Postal employees are federal employees for FECA purposes. 39 U.S.C. § 1005(c).

*Mathirampuzha*, 548 F.3d at 80–81 (footnote omitted).

In light of the clear status of the law, Plaintiff's complaint, originally brought in Rochester City Court and removed to this Court, seeking lost wages from December 7, 2011 to December 28, 2011, as a result of what he described as a "workman's comp injury," is dismissed. Accordingly, it is hereby

ORDERED, that the Clerk enter judgment for Defendant; and it is further

ORDERED, that this case be closed.

IT IS SO ORDERED.

Dated: April 23, 2013
Rochester, New York

/s/ Charles J. Siragusa
CHARLES J. SIRAGUSA
United States District Judge